OPINION
Defendant-appellant, Emily Gualtiere, appeals her conviction in the Jefferson County Court of Common Pleas on a single count of aggravated assault with a firearm specification.
According to the testimony elicited at trial, appellant and Walter Stone lived together in a house owned by appellant, along with Stone's two sons, Chris and Casey, and appellant's son Mark. Shortly after Stone moved in with appellant, he lost his job as a mechanic, which caused a strain on his relationship with appellant. Appellant worked as a part-time police officer for the Smithfield Police Department and as a security guard at the Fort Steuben Mall. Both Stone and appellant were volunteer EMTs with East Springfield Fire Department.
During the evening of April 14, 1996, an argument developed between Stone and appellant concerning which car appellant would use to take to. work. According to Stone, the argument reached such proportions that he decided to leave appellant. Stone claimed that appellant told him to take his children with him at which point he went upstairs to awaken them. At the top of the stairs, Stone claimed that appellant tried to stop him from passing and tackled him around one. of his legs. According to Stone's testimony, appellant slid down the stairs attached to his leg while he hopped his way down using the other. At the bottom of the stairs, Stone claimed he stepped over appellant releasing his leg and went into the dining room to pick up his keys and cigarettes. As Stone retrieved these items, he heard one of his sons yell for him to watch out, at which point appellant shot him one time with a .357 Magnum handgun. The bullet went through Stone's forearm and entered his right flank. As a result, Stone was hospitalized for several weeks.
Mark Gualtiere, appellant's son, presented a different version of the evening's events. Mark stated that he awoke to find appellant being slapped by Stone and that Stone shoved appellant through a wall at the top of the stairs. In addition, at the bottom of the stairs, Mark claimed that Stone shoved or kicked appellant into a dresser, raised his fist and stated that he was going to kill appellant. Mark conceded that in his statement to police made hours after the incident he had not mentioned Stone's alleged threat or any physical abuse on the part of Stone. Mark also stated that at the time appellant shot Stone, Stone had not been hitting her.
Appellant's recollection of the events was sketchy at best. Appellant claimed that when Stone went to leave, she tried to convince him to leave his children for the night rather than waking them, and that Stone had shoved her into a wall and threatened to kill her. Although appellant could not remember taking her gun out or firing the shot at Stone, appellant did remember Stone raising his fist at her. According to appellant, the shooting was in self-defense.
On May 16, 1996, appellant was indicted on a single count of felonious assault, in violation of R.C. 2903.11 (A) (2). The indictment also contained a firearm specification. A jury trial commenced on August 19, 1997, and on August 22, 1997, the jury found appellant not guilty of felonious assault but guilty of aggravated assault, in violation of R.C. 2903.12. The jury also found that appellant had used a firearm during the commission of the offense. Appellant was sentenced to a term of imprisonment of two to five years for the charge of aggravated assault and a term of three years for the firearm specification, to be served consecutively. On September 12, 1997 appellant filed a Petition to Vacate Verdict and Conviction Judgment. Said petition, construed by the trial court as a motion for a new trial, was overruled on October 1, 1997. Thereafter, appellant filed a notice of appeal on October 3, 1997.
Appellant brings two assignments of error, the first of which states:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT INSTRUCTED THE JURY ON THE OFFENSE OF AGGRAVATED ASSUALT OVER THE OBJECTION OF THE DEFENDANT."
Appellant argues that the trial court erred in instructing the jury on the offense of aggravated assault as such is not a lesser included offense of felonious assault. According to appellant, no evidence was presented that appellant acted while under the influence of sudden passion or in a sudden fit of rage and, as such, the trial court erred in permitting the jury to reach a compromise verdict.
In response, plaintiff-appellee, the State of Ohio, contends that appellant presented various evidence regarding her mental and emotional state at the time of the shooting as well as evidence that Stone had threatened her and assaulted her in the past. In addition, appellee notes that appellant presented extensive psychological testimony regarding battered woman syndrome and that Dr. Lynne Rosewater testified that appellant was abused and in fear of her life. As such, appellee argues that the instruction on aggravated assault was not only proper but was required inasmuch as the jury could reasonably acquit appellant on the charge of felonious assault and convict appellant on the charge of aggravated assault.
R.C. 2903.11 defines felonious assault as follows:
"(A) No person shall knowingly:
 "(1) Cause serious physical harm to another or to another's unborn;
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
Aggravated assault is defined in R.C. 2903.12 as follows:
 "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 "(1) Cause serious physical harm to another or to another's unborn;
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
Aggravated assault contains elements which are identical to the elements defining felonious assault, except for the additional mitigating element of serious provocation. State v.Deem (1988), 40 Ohio St.3d 205, paragraph four of the syllabus. Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. Id.
Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. Id., paragraph five of the syllabus. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time.Id. Fear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage. State v. Mack (1988), 82 Ohio St.3d 198, 201. In addition, past incidents or verbal threats do not satisfy the test for reasonably sufficient provocation when there is sufficient time for cooling off. Id.
In determining whether the provocation is reasonably sufficient to bring on sudden passion or a sudden fit of rage, an objective standard must be applied. State v. Shane (1992),63 Ohio St.3d 620, 634. Then, if that standard is met, the inquiry shifts to the subjective component of whether this actor, in this particular case, actually was under the influence of sudden passion or in a sudden fit of rage. Id. It is only at that point that the "emotional and mental state of the defendant and the conditions and circumstances that surround him at the time" must be considered. Id. (citing Deem, supra). With respect to the quantum of evidence needed to warrant an instruction of an inferior degree offense, the Supreme Court of Ohio has previously stated that a jury instruction must be given on an inferior degree offense when sufficient evidence is presented which would allow a jury to reasonably reject the greater offense and find the defendant guilty of the inferior degree offense. Shane, 63 Ohio St.3d at 632-633.
According to the record, neither counsel for appellant nor appellee requested the instruction on aggravated assault. In closing arguments, both counsel appear to agree that there was no evidence to support such a charge. In any event, appellant clearly objected to the instruction, presumably because it was inconsistent with appellant's self-defense argument.
While there was evidence offered by Stone and his sons which could support the objective component for finding sufficient reasonable provocation to warrant an instruction as to aggravated assault, our review of the evidence fails to demonstrate that appellant was under the influence of sudden passion or in a sudden fit of rage when she shot Stone. Thus, the subjective component mandated by State v. Shane has not been net and the instruction should not have been given. Appellant could not remember details of the shooting other than that she had shot Stone out of fear for her safety on account of Stone threatening to kill her. Appellant stated on cross-examination that the litany of alleged abuse by Stone had nothing to do with the shooting but that she had acted in self-defense. Counsel for appellant went to great lengths to demonstrate that although appellant could have fired multiple shots from the weapons available to her, she had fired only a single shot. Appellant did not argue that she had been under the influence of sudden passion or in a sudden fit of rage, nor was there any evidence from which the trial court could reasonably have determined so. As such, the trial court's instruction on aggravated assault was error.
Accordingly, appellant's first assignment of error has merit.
Pursuant to App.R. 12 (A), appellant's second assignment of error, in which appellant argues that the verdict was against the manifest weight of. the evidence, is rendered moot.
The judgment of the trial court is hereby reversed and the matter remanded for a new trial.
Cox, J., concurs in judgment only, Waite, J., concurs.
 _____________________ Gene Donofrio, Judge