OPINION
{¶ 1} Defendant-appellant, Armando Silguero, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of murder, in violation of R.C. 2903.02, and one count of kidnapping, in violation of R.C. 2905.01, and sentencing him accordingly. For the reasons that follow, we affirm that judgment.
{¶ 2} By indictment filed August 3, 2001, appellant was charged with one count of aggravated murder, in violation of R.C. 2903.01, and one count of kidnapping. The charges arose from the death of appellant's wife, Ericka Silguero. After a bench trial, the trial court found appellant guilty of murder, a lesser degree of aggravated murder, and kidnapping. The two counts were merged for purposes of sentencing and the state elected to have appellant sentenced for his murder conviction.
{¶ 3} Appellant appeals, assigning the following error:
{¶ 4} "The trial court erred when it entered judgment against Appellant when the evidence was insufficient to sustain a conviction for murder."
{¶ 5} Appellant's lone assignment of error attacks the sufficiency of the evidence supporting his murder conviction. In determining the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Martin (Apr. 19, 2001), Franklin App. No. 00AP-836; State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
{¶ 6} However, we note that appellant failed to timely request a Crim.R. 29 motion for acquittal. He has, therefore, waived this sufficiency argument on appeal. State v. Roe (1989), 41 Ohio St.3d 18,25; State v. Madden, Franklin App. No. 01AP-1470, 2002-Ohio-3722, at ¶ 36; State v. Shirley, Summit App. No. 20569, 2002-Ohio-31, at ¶ 2-3; State v. Marcum, Richland App. No. 01CA-63-2, 2002-Ohio-2892, at ¶ 10-11. We will, however, address the substance of appellant's argument under a plain error standard. Id.
{¶ 7} Plain error exists where the outcome of the trial would clearly have been different but for the error. State v. Biros (1997),78 Ohio St.3d 426, 431. The plain error rule must be applied with the utmost caution and invoked only under exceptional circumstances to prevent a manifest miscarriage of justice. State v. Cooperrider (1983),4 Ohio St.3d 226, 227.
{¶ 8} Appellant contends that there was insufficient evidence to show that he purposefully killed his wife. Instead, appellant argues that he should have been convicted of voluntary manslaughter due to the sudden passion under which he acted upon learning of his wife's infidelity. However, the evidence before the trial court was not patently insufficient to support appellant's murder conviction. Nor was it plain error to convict appellant of murder instead of voluntary manslaughter.
{¶ 9} Voluntary manslaughter is defined in R.C. 2903.03(A) as follows:
{¶ 10} "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another." Id. Voluntary manslaughter is an inferior degree of murder and "[a] defendant on trial for * * * aggravated murder bears the burden of persuading the fact finder, by a preponderance of the evidence, that * * * she acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force." State v. Rhodes (1992),63 Ohio St.3d 613, syllabus; State v. Dixon (Aug. 21, 2001), Franklin App. No. 01AP-22.
{¶ 11} Appellant contends that his wife's admission of an adulterous affair constituted reasonably sufficient provocation that brought on his sudden passion or rage. We disagree. "[W]ords alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations." State v. Shane (1992), 63 Ohio St.3d 630,637. Confessions of extra-marital affairs by themselves are insufficient as a matter of law to support a conviction for voluntary manslaughter. Id.; State v. Nelson (June 13, 2001), Summit App. No. C.A. 20365; Statev. Eubanks (Apr. 22, 1999), Cuyahoga App. No. 73421; State v. Jergens
(Sept. 3, 1993), Montgomery App. No. 13294. "The killing of a spouse * * * by a spouse * * * who has been made aware of the victim spouse's adultery simply is not an acceptable response to the confession of infidelity." Shane, supra, at 637.
{¶ 12} Appellant does not point to anything other than his wife's alleged admission of infidelity that caused him to kill her. Based upon this evidence, as well as other undisputed evidence regarding the manner and circumstances of his wife's death, it was not plain error for the trial court to convict appellant of murder instead of voluntary manslaughter.
{¶ 13} To be convicted of murder, sufficient evidence must be presented to show that appellant acted purposefully. As defined in R.C.2901.22(A), purpose requires the specific intent to cause a certain result. Appellant confessed to the police that, on the day he killed his wife, she told him that she had been seeing someone else. When asked by a police officer if he snapped after hearing that, appellant stated that he didn't know, that he was not thinking about that and that they were just playing around and he then started choking her. After he started choking her with his hands, he took off his shirt and continued to choke her until she died. Further stipulated testimony showed that his wife died of ligature strangulation and that death likely would have occurred in two to five minutes. In light of the length of time it would have taken to strangle his wife to death, the method used to accomplish the strangulation, and appellant's own admission that he wasn't thinking about his wife's affair when he killed her, the evidence was sufficient to find appellant purposefully caused the death of his wife, particularly under a plain error standard.
{¶ 14} For all of the above reasons, appellant's first assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed. We do note that the trial court's January 17, 2002 judgment entry states that appellant was convicted of murder, a violation of R.C. 2903.01. That statute, however, defines aggravated murder, the offense appellant was originally indicted for, not murder. The record is clear that appellant was found guilty and sentenced for murder, a violation of R.C. 2903.02. Since the trial court may correct clerical errors at any time under Crim.R. 36, this case will be remanded to the trial court to correct the clerical error in its January 17, 2002 judgment entry to reflect the offense for which appellant was convicted. See State v. Lattimore (Feb. 22, 2002), Hamilton App. No. C-010488 (remanding matter for correction of judgment entry which cited incorrect statutory section).
Judgment affirmed, and Case remanded to correct clerical error.
BOWMAN and LAZARUS, JJ., concur.