{¶ 71} I respectfully dissent. *Page 18 
 {¶ 72} With respect to appellant's third assignment of error, the majority contends that the trial court did not err by denying Hale's request to instruct the jury on the lesser offense of aggravated assault. I disagree.
 {¶ 73} R.C. 2903.11 (A)(2) provides as to the offense of felonious assault that:
 {¶ 74} "(A) No person shall knowingly * * *:
 {¶ 75} "* * *
 {¶ 76} "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
 {¶ 77} R.C. 2903.12(A)(2) provides as to the offense of aggravated assault that:
 {¶ 78} "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 79} "* * *
 {¶ 80} "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance, as defined in section2923.11 of the Revised Code."
 {¶ 81} In Deem at 210-211, the Supreme Court of Ohio concluded that the offense of aggravated assault is an "inferior degree" of the offense of felonious assault "since its elements are identical to those of felonious assault, except for the additional mitigating element of serious provocation." Where a defendant is charged with felonious assault and sufficient evidence of the felonious assault and serious provocation by the victim is presented, the trial court should instruct the jury that the defendant carries the burden of proving the mitigating circumstances by a *Page 19 
preponderance of the evidence for the jury to find him guilty of aggravated assault rather than felonious assault. See State v.Rhodes (1992), 63 Ohio St.3d 613, 617, fn. 2.
 {¶ 82} In accordance with the foregoing, this writer believes that the trial court should have instructed the jury as to the elements of aggravated assault. There was sufficient evidence that Proctor, the victim, was the aggressor, and that he provoked Hale into using deadly force. Thus, the jury should have been able to consider that issue. The trial court committed plain error by not instructing the jury on aggravated assault, in order to determine whether serious provocation existed.
 {¶ 83} Accordingly, I would reverse the judgment of the trial court and remand the matter for a new trial. *Page 1