[Cite as *State v. Ivory*, 2015-Ohio-4373.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102415**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# STEVEN IVORY

DEFENDANT-APPELLANT

## JUDGMENT:
### CONVICTION VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588038-A

**BEFORE:**  McCormack, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  October 22, 2015

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Christine M. Vacha
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Steven Ivory, appeals from his convictions of felonious assault and attempted felonious assault, each accompanied with one-and three-year firearm specifications. According to the victim, appellant verbally threatened him regarding a dispute over a bicycle and then appeared to reach for his waist. The victim took off running, and two or three minutes later, the victim heard what sounded like gunshots houses away. The police never recovered the purported gun, nor uncovered any physical evidence such as gunpowder, shell casings, bullets, or bullet holes from the scene. Although a lack of direct or physical evidence regarding the use of a gun does not solely determine the outcome of the state's case, the state otherwise failed to produce sufficient evidence to prove appellant attempted to cause serious physical harm to the victim, or attempted to cause physical harm by means of a gun. Because appellant's convictions were not supported by sufficient evidence, we vacate his convictions.

{¶2} Ivory was indicted for felonious assault (Count 1) in violation of R.C. 2903.11(A)(2), a second-degree felony, and attempted felonious assault (Count 2), in violation of R.C. 2903.11(A)(1) and 2923.02 (attempt), a third-degree felony. Both counts were accompanied with one- and three-year firearm specifications. Ivory pleaded not guilty, and the matter was tried to the bench.

**{¶3}** The primary evidence for the two charged offenses and firearm specifications came from the testimony of the purported victim, Luis Molina. He testified that he knew defendant Ivory since the 6th grade and the two did not get along well. A few weeks before the shooting incident, Ivory borrowed a bicycle from Molina that Molina's grandmother had purchased, and Ivory never returned the bicycle. On July 8, 2013, while Molina was walking down a street in his neighborhood, he saw Ivory coming from an alley. Ivory started yelling at him "from the other side of the field talking about how he [Molina] was a dead man." According to Molina, Ivory then "reached for his waist." Without actually seeing a gun, Molina took off running. After running for two or three minutes, he reached a corner of the street. Just then he heard two or three gunshots. He did not see Ivory shoot as there were houses between them. Molina testified that he recognized the noises he heard as gunshots because gunshots were common occurrences in his neighborhood. This is the extent of the victim's testimony regarding the shooting.

**{¶4}** Molina testified that, after hearing the gunshots, he ran to a friend's house and used the friend's phone to call his mother. His mother came to pick him up and she then called the police about the incident. Molina and Ivory subsequently socialized in a group setting on one occasion, but Molina did not call the police to report Ivory's whereabouts.

**{¶5}** Molina's mother also testified for the state. She testified that her son and Ivory have known each other since middle school but never got along well. On the day

of the incident, she received a phone call from her son about Ivory shooting at him.   She picked her son up and called the police for him.

{¶6}   She testified, however, that Ivory stole a bicycle from her son after the shooting incident, contradicting Molina's testimony.   When she saw Ivory later, she confronted him about taking the bicycle.   Ivory offered to pay 50 dollars for it but never paid.   Afterward, she confronted him on a separate occasion about the shooting incident.

{¶7}   Officer Matthew Nycz testified that he received a radio broadcast and responded to the shooting incident.   He met with Molina and his mother and searched the area for any shell casings or bullets, without being able to locate any.

{¶8}   Detective Stephanie Hunter testified that after she was assigned to investigate this case, she received a phone call from Molina's mother stating that Ivory had "approached her son and threatened him again and took his bike."   Detective Hunter testified that no gun, shell casings, or bullets were recovered in this case.   She stated, however, that in her experience investigating shootings, shell casings or bullets were not always located, and certain types of guns would not project shell casings.

{¶9} The defense did not present its own witnesses.   The trial court found Ivory guilty of both felonious assault (Count 1) and attempted felonious assault (Count 2), as well as the one- and three-year firearm specifications.   The court merged the two counts for sentencing and the state elected to proceed under Count 1.   The court imposed three years on the merged count and also imposed a mandatory, consecutive three-year term on the gun specifications.

**{¶10}** Ivory now appeals, claiming two errors for our review. In the first assignment of error, he argues his convictions were not supported by sufficient evidence. In the second assignment of error, he argues his convictions were against the manifest weight of the evidence.

### Sufficiency

**{¶11}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

**{¶12}** A sufficiency-of-the-evidence argument raises the issue of whether each element of an offense has been adequately proven to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). In essence, sufficiency is a test of adequacy. *Id.* at 386.

**{¶13}** R.C. 2903.11 defines felonious assault as follows:

A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another * * *;

(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance.

{¶14} Ivory was charged with two counts: felonious assault (Count 1) as defined in R.C. 2903.11(A)(2) (knowingly caused or attempted to cause physical harm to Molina by a handgun), and attempted felonious assault (Count 2) defined in R.C. 2903.11(A)(1) (knowingly attempted to cause serious physical harm).

{¶15} We recognize that the elements of an offense may be established by circumstantial evidence and, in particular, the use of a gun can be inferred from the facts and circumstances surrounding an incident. *See, e.g., State v. Walker*, 8th Dist. Cuyahoga No. 94490, 2011-Ohio-456, ¶ 23; *State v. Knight*, 2d Dist. Greene No. 2003CA14, 2004-Ohio-1941, ¶ 19. We are mindful, however, that although circumstantial evidence and direct evidence inherently possess the same probative value, *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph one of the syllabus, the "proper focus of judicial review should be quality and strength of evidence, whether direct or circumstantial." *Id.* at 271.

{¶16} Our careful review of the evidence in this case shows that the testimony of the victim, which was the state's primary evidence for the offenses, is insufficient to prove either appellant attempted to cause physical harm to the victim by a handgun (Count 1), or attempted to cause serious physical harm to the victim (Count 2).

{¶17} For Count 1, an essential element of the offense is the use of a gun. In this case, we have a victim who never observed a gun in appellant's possession, much less did he witness appellant displaying or brandishing a gun, threatening the victim with a gun, indicating he would use a gun, pointing the gun at the victim, or shooting a gun. Neither

did the police uncover a gun or any other physical evidence such as gun powder, shell casings, bullets, or bullet holes, even though the police were on the scene soon after the report of a shooting. We recognize that the absence of direct or physical evidence regarding the use of a gun is not necessarily determinative of the state's case in proving felonious assault defined in R.C. 2903.11(A)(2). *State v. Smith*, 8th Dist. Cuyahoga No. 94493, 2011-Ohio-90, ¶ 11. We are also aware that a witness hearing gunshots could be significant circumstantial evidence for the use of a gun. *State v. Clayton*, 8th Dist. Cuyahoga No. 53883, 1988 Ohio App. LEXIS 2333. In the present case, however, even according to the victim, after the defendant reached to his waist, gunshots were heard two or three minutes later and a great distance away, in a neighborhood where gunshots were common occurrences.

**{¶18}** Regardless of whether such circumstantial evidence was sufficient to establish the element of the use of a gun, more importantly, the state submitted insufficient evidence to prove Ivory attempted to cause physical harm — an essential element in both Count 1 (caused or attempted to cause physical harm by a handgun) and Count 2 (attempted to cause serious physical harm). By the purported victim's own testimony, the gunshots were fired houses away after he had run for two or three minutes. This is insufficient — it is insufficient evidence to show an attempt to cause physical harm.

{¶19} "Due process requires the prosecution to prove, beyond a reasonable doubt, every element necessary to constitute the crime with which the defendant is charged." *State v. Rhodes*, 63 Ohio St.3d 613, 626, 590 N.E.2d 261 (1992).

{¶20} Reviewing the evidence in the record in a light most favorable to the prosecution, we are unable to conclude that any reasonable trier of fact could have found that all the essential elements of the offenses proven beyond a reasonable doubt.

{¶21} Regardless of whether appellant's conduct may have satisfied elements of other criminal offenses, the state only indicted him for felonious assault and attempted felonious assault. Neither offense could be proven beyond a reasonable doubt even if one views the evidence in the light most favorable to the prosecution. Therefore, the trial court should have granted appellant's Crim.R. 29 motion to dismiss due to insufficient evidence.

{¶22} As to the firearm specifications,[1] a firearm specification does not stand alone because it is not a separate offense but merely a penalty enhancement contingent upon an underlying felony conviction. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16; *State v. Gilbert*, 8th Dist. Cuyahoga No. 90615,

---

[1] R.C. 2941.141 imposed an additional one-year prison term when "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense." R.C. 2941.145 imposes an additional three-year prison term when "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."

2009-Ohio-463, ¶ 16.   Therefore, when the convictions for predicate offenses are vacated, as here, the firearm specifications are vacated as well.

**{¶23}**    The first assignment of error is sustained.   The second assignment of error is moot.

**{¶24}** Judgment of the common pleas court is vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR