The STATE of Ohio, Appellee,

v.

HILL, Appellant.

[Cite as *State v. Hill* (1996), 108 Ohio App.3d 279.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67931.

Decided Jan. 8, 1996.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *A. Steven Dever* and *Rebecca J. Maleckar,* Assistant Prosecuting Attorneys, for appellee.

*Charles H. Bragg,* for appellant.

JAMES M. PORTER, Judge.

Defendant-appellant Pamela E. Hill appeals from her conviction following a jury trial for voluntary manslaughter (R.C. 2903.03). Defendant contends that the trial court erred in charging the jury on voluntary manslaughter over her objection although she had been indicted for murder and had claimed self-defense

and in allowing the coroner to testify to matters set forth in the coroner's report. Defendant also contends that her conviction was against the manifest weight of the evidence and not supported by sufficient evidence. We find merit to the appeal and reverse and remand for a new trial.

Defendant was indicted for the murder of Ron Chaney, who was stabbed to death on March 25, 1994 in defendant's apartment on East 55th Street. Evidence at trial disclosed that defendant and Chaney had had a long-standing relationship which was marred by a history of excessive drinking, arguing and fighting. CMHA police had been called to the apartment four times previously to break up their fights prior to the March 25 episode. There had been prior physical abuse by both defendant and the victim, including an incident where defendant had stabbed Chaney in the arm.

On the evening of March 25, defendant and Chaney met again at the apartment. They began arguing and fighting. Neighbors heard Chaney scream. Defendant called 911 and stated that someone had stabbed her husband.

Police and the rescue team found Chaney unconscious with a stab wound to the chest and a large quantity of blood nearby. Chaney died at St. Vincent Charity Hospital. Defendant initially claimed that Chaney had been stabbed in a robbery when he went to the store to buy beer. After talking to her mother, defendant conceded to police that she had made up the first story and that she had stabbed Chaney while they were fighting.

Defendant stated to police that they were arguing and that she got a knife from the kitchen and told Chaney to leave her alone. They began wrestling over the knife; it fell to the floor; she picked it up and, when he swung at her, she stabbed him. Defendant only had a small cut on her hand and bruises and marks from prior incidents with the victim.

There was other evidence that the victim was a violent man and punched and hit defendant when he was drinking, which occurred frequently. He had once knocked defendant down the stairs.

At the trial, the court submitted both murder and voluntary manslaughter charges to the jury, at the prosecutor's request. Defense counsel objected vehemently to the submission of the voluntary manslaughter charge and argued self defense.

We will address the assignments of error in the order asserted.

I. The trial court committed reversible error when it instructed the jury as to the crime of voluntary manslaughter.

Defendant argues that the facts of the case presented a claim of self-defense, that the defense counsel objected strenuously to a charge on voluntary man-

slaughter, and that the court erred in submitting the manslaughter issue and telling the jury that the defense had raised it.

The defendant correctly points out that the court instructed the jury that the defendant was asserting voluntary manslaughter when that was not the case. The court gave the following instruction:

"A defendant on trial for murder bears the burden of persuading the fact finder by a preponderance of the evidence that he or she acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation, occasioned by the victim, that was reasonably sufficient to incite the defendant into using deadly force in order for the defendant to be convicted of voluntary manslaughter rather than murder.

"The defendant is asserting this voluntary manslaughter defense as an inferior degree to the crime of murder. The burden of going forward with the evidence of this defense and the burden of proving this defense are upon the defendant. He or she must establish such a defense by a preponderance of the evidence."

Defense counsel again objected to the charge telling the court it was error to tell the jury that the defendant was raising the defense of voluntary manslaughter, as it was the state that had requested the instruction.

There are two issues here: (1) was the court required to charge on voluntary manslaughter, given the state of the evidence; and (2) did the court commit reversible error by instructing the jury that the "defendant is asserting this voluntary manslaughter defense as an inferior degree to the crime of murder"?

We believe that the evidence was clearly sufficient to require the court to submit instructions on both murder and the inferior crime, voluntary manslaughter. The defendant was indicted for murder, not voluntary manslaughter, but the evidence supported either offense. Under these circumstances, instructions on both offenses were proper.

In *State v. Rhodes* (1992), 63 Ohio St.3d 613, 617–618, 590 N.E.2d 261, 263–264, the Supreme Court held:

"Voluntary manslaughter is, by our prior definition, an inferior degree of murder. *State v. Tyler* (1990), 50 Ohio St.3d 24, 36, 553 N.E.2d 576, 592. * * * Thus, if a defendant on trial for murder or aggravated murder (or the prosecution in such trial) produces evidence of one or both of the mitigating circumstances set forth in R.C. 2903.03, *that evidence will be sufficient to entitle a defendant to an instruction on voluntary manslaughter* as an inferior degree of murder if under any reasonable view of the evidence, and when all of the evidence is construed in a light most favorable to the defendant, a reasonable jury could find that the defendant had established by a preponderance of the evidence the existence of

one or both of the mitigating circumstances. *State v. Wilkins* (1980), 64 Ohio St.2d 382, 388, 18 O.O.3d 528, 532, 415 N.E.2d 303, 308."

▆▆▆ Therefore, if under any reasonable view of the evidence, it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the inferior offense, the instruction on the offense of the inferior degree must be given. The evidence must be considered in the light most favorable to the defendant. As stated in *State v. Shane* (1992), 63 Ohio St.3d 630, 632, 590 N.E.2d 272, 274–275:

"Voluntary manslaughter is an inferior degree of murder, for 'its elements are * * * contained within the indicted offense, except for one or more additional mitigating elements * * *.' *State v. Tyler* (1990), 50 Ohio St.3d 24, 36, 553 N.E.2d 576, 592, quoting *State v. Deem* (1988), 40 Ohio St.3d 205, 209, 533 N.E.2d 294, 298. See *Rhodes, supra*, 63 Ohio St.3d at 617, 590 N.E.2d at 263. Even though voluntary manslaughter is not a lesser included offense of murder, the test for whether a judge should give a jury an instruction on voluntary manslaughter when a defendant is charged with murder is the same test to be applied as when an instruction on a lesser included offense is sought. *Tyler, supra*, 50 Ohio St.3d at 37, 553 N.E.2d at 592.

"Thus, a defendant charged with murder is entitled to an instruction on voluntary manslaughter when the evidence presented at trial would reasonably support both an acquittal on the charged crime of murder and a conviction for voluntary manslaughter. *Tyler, supra*, at 37, 553 N.E.2d at 592; *Deem, supra*, 40 Ohio St.3d at 211, 533 N.E.2d at 299–300; *State v. Thomas* (1988), 40 Ohio St.3d 213, 216, 533 N.E.2d 286, 289.

"When the evidence presented at trial going to a lesser included offense (or inferior-degree offense) meets this test, the trial judge must instruct the jury on the lesser (or inferior-degree) offense. *State v. Loudermill* (1965), 2 Ohio St.2d 79, 31 O.O.2d 60, 206 N.E.2d 198, syllabus. On the other hand, when the evidence presented at trial does not meet this test, a charge on the lesser included (or inferior-degree) offense is not required. *State v. Kidder* (1987), 32 Ohio St.3d 279, 282–283, 513 N.E.2d 311, 315–316."

▆▆▆ In the instant case, defendant was relying on self-defense, and no doubt defense counsel believed that he could avoid conviction on the murder charge by raising self-defense but that voluntary manslaughter gave the jury a compromise position that prejudiced his client. However, if the evidence is present, the trial court *must* charge on both murder and voluntary manslaughter where the circumstances require, even if the defendant objects to the charge. Under these circumstances, the trial court was required to give the charge. *State v. Tyler* (1990), 50 Ohio St.3d 24, 36, 553 N.E.2d 576, 591–592; *State v. Shane* (1992), 63

Ohio St.3d 630, 632, 590 N.E.2d 272, 274–275; *State v. Wilkins* (1980), 64 Ohio St.2d 382, 388, 18 O.O.3d 528, 531–532, 415 N.E.2d 303, 308. We therefore find no error in the court's instructing the jury on both murder and voluntary manslaughter.

We do find however, that the court improperly instructed the jury that it was the defendant who was "asserting this voluntary manslaughter defense as an inferior degree to the crime of murder. The burden of going forward with the evidence of this defense and the burden of proving this defense are upon the defendant * * * by a preponderance of the evidence."

In *State v. Rhodes, supra,* 63 Ohio St.3d 613, 590 N.E.2d 261, syllabus, the court stated:

"A defendant on trial for murder or aggravated murder bears the burden of persuading the fact finder, by a preponderance of the evidence, that he or she acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, R.C. 2903.03(A), in order for the defendant to be convicted of voluntary manslaughter rather than murder or aggravated murder."

In the instant case, the defense objected to the giving of the charge; it was the prosecution that requested the charge and capitalized on it by arguing it as a compromise to the jury. In final argument, the prosecution stated:

"MR. DEVER: So if you say that you can't be convinced, then I think that the way is to compromise and the proper perspective is voluntary manslaughter; in a sudden fit of passion, brought on by serious provocation occasioned by the victim which caused hereto [*sic*] use this deadly force. I think that's what you have here, ladies and gentleman."

The Supreme Court in *Rhodes* was not confronted with this situation where defense counsel does not want the jury to be instructed on voluntary manslaughter. We find that the court was correct in charging on voluntary manslaughter, but should not have instructed the jury that "[t]he defendant [is] asserting this voluntary manslaughter defense * * * and the burden of proving this defense [is] upon the defendant." It was the prosecution that sought the charge and had the burden of proving voluntary manslaughter. Under the peculiar circumstances of this case, the court should have instructed the jury that neither party had the burden of proof on the issue. See *State v. Wood* (May 9, 1991), Cuyahoga App. No. 58437, unreported, at 15, 1991 WL 76041, where this court approved the following instruction:

"In determining whether the defendant was under the influence of sudden passion or in a sudden fit of rage either of which was brought on by obvious

provocation occasioned by either of which was brought' on by obviously provocation occasioned by the victim, you should consider any credible evidence whether offered by the State or defendant.

"That is, sudden passion or sudden fit of rage is not an element of the offense, but is a factual consideration mitigating the culpable mental state of the defendant and neither the State nor the defense has the burden of proof on this issue."

As we view the case, the court's instruction that defendant was asserting the voluntary manslaughter defense may have confused the jury into thinking that the defendant would be content with a conviction for that offense. This could well have detracted from the defendant's self-defense argument and tainted the verdict. We cannot say that the improper instruction was harmless or nonprejudicial.

Assignment of Error I is sustained.

It is not necessary to consider Assignments of Error II or III, which are moot given our disposition of Assignment of Error I. App.R. 12(A)(1)(c).

Defendant's conviction is reversed; the case is remanded for a new trial.

*Judgment reversed
and cause remanded.*

MATIA, P.J., and McMONAGLE, J., concur.