JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Darrell Livingston appeals his conviction after a jury trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} On April 17, 2006, Raymond Mills, the victim, rode the RTA B-line trolley on his way to a job interview. During the ride, the victim spoke with the man sitting next to him and joked about how hard the seats were on the trolley. Livingston overheard the comment, became annoyed that the victim was complaining, and began to discuss the comment with the trolley driver. After several minutes, the victim asked Livingston if he was done talking about the seat situation. Livingston became upset and cursed at the victim for interrupting his conversation. The two exchanged words and one of them stated, "we can get off and do this right here." Both the victim and Livingston stood to exit the trolley. When the victim went to exit the trolley, Livingston reached out his arm, as the victim was passing him, and stabbed the victim in the throat with his pocket knife. The two rolled around on the floor of the trolley until Livingston got up and walked off the trolley. Livingston left the scene and disposed of the knife. The victim was taken to MetroHealth Medical Center, where he had surgery to repair an artery in his neck that had been severed.
 {¶ 3} Livingston was found guilty of felonious assault and sentenced to eight years in prison. Livingston appeals, advancing one assignment of error for our review, which states the following: *Page 4 
 {¶ 4} "The trial court erred when it failed to instruct the jury on the lesser-included offense of aggravated assault."
 {¶ 5} Livingston argues that the trial court should have given a jury instruction on the lesser included offense of aggravated assault. Although aggravated assault is not a lesser included offense of felonious assault, it is an inferior offense, meaning that "its elements are identical to those of felonious assault, except for the additional mitigating element of serious provocation." State v. Deem (1988),40 Ohio St.3d 205, 210-211; see, also, R.C. 2903.12(A). A jury instruction should be given for an inferior offense, "if under any reasonable view of the evidence, and when all of the evidence is construed in a light most favorable to the defendant, a reasonable jury could find that the defendant had established by a preponderance of the evidence the existence of one or both of the mitigating circumstances." State v.Rhodes (1992), 63 Ohio St.3d 613, 617-618.
 {¶ 6} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. State v.Wolons (1989), 44 Ohio St.3d 64, 68. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v.Clark (1994), 71 Ohio St.3d 466, 470, 1994-Ohio-43. *Page 5 
 {¶ 7} When a defendant requests an instruction on an inferior degree offense, the burden is on the defendant to persuade the fact-finder of the mitigating elements of the offense. See State v. Hill (1996),108 Ohio App.3d 279, 284; State v. Rhodes (1992), 63 Ohio St.3d 613, syllabus. Livingston took the stand in his own defense. He testified that the victim said, "Wait until we get off this bus." Livingston testified: "I was scared that this man was going to get off that bus — he could have came out and shot me or did anything that he — carry his threat out. I responded to the threat. I responded to the threat. I didn't want to be hurt." When asked if he thought the victim had a gun, Livingston responded: "I didn't know what he had. He threatened me. * * * When a person threaten you, they have to have something." Livingston admitted that the victim had nothing in his hands except an envelope.
 {¶ 8} Livingston's argument is unpersuasive. He never testified that he was provoked or in a rage; instead, he testified that he was scared and he did not want to get hurt. A self-defense theory is usually contradictory to proof of sudden passion or rage. State v. Baker (1996),111 Ohio App.3d 313, 324. Self-defense requires proof that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force. See State v. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus. These elements have nothing to do with whether a person is in a sudden fit of passion or sudden rage. State v.Marcum, Columbiana App. No. 04 CO 66, 2006-Ohio-7068. *Page 6 
 {¶ 9} In State v. Mack, 82 Ohio St.3d 198, 201, 1998-Ohio-375, the Supreme Court of Ohio reiterated that an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage, meaning that the provocation must be "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." If this objective standard is met, then the inquiry shifts to a subjective standard to determine whether the defendant in the particular case "actually was under the influence of sudden passion or in a sudden fit of rage." Id., quoting State v. Shane (1992), 63 Ohio St.3d 630, 634-635. Further, words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations. Id., citingShane, 63 Ohio St.3d at paragraph two of the syllabus.
 {¶ 10} We find that the victim's statement, "Wait until we get off this bus," is insufficient as a matter of law to incite the use of deadly force. As eloquently stated by a witness in this case, "It never had to go that far. Words aren't weapons. * * * If somebody gets up in your face and yells at you, that doesn't give them the right to bring a weapon out."
 {¶ 11} Finally, even if one could construe that Livingston had a moment of fear when he waited for the trolley to stop, fear alone is not a basis for establishing the mitigating circumstances of aggravated assault. State v. Mack (1998), 82 Ohio St.3d 198, 201, 1998-Ohio-375. Even when all of the evidence is construed in a light most favorable to Livingston, a reasonable jury could not find that Livingston had *Page 7 
established by a preponderance of the evidence the existence of one or both of the mitigating circumstances to warrant an instruction on the inferior offense of aggravated assault. We find that the trial court did not abuse its discretion when it refused to give the jury an instruction on aggravated assault. Accordingly, Livingston's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
 KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR *Page 1