JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In case number CR-466690, a Cuyahoga County Grand Jury indicted Jordan Clark ("Clark") and his codefendant, Bruce Farmer ("Farmer"), with the following: two counts of aggravated murder, each with two felony murder specifications; two counts of aggravated robbery; and lastly, two counts of aggravated burglary, all counts contained a three-year firearm specification.
 {¶ 2} In case number CR-467044, later transferred to the same judge as that assigned in case number CR-466690, a Cuyahoga County Grand Jury indicted Clark ("Clark") with the following: two counts of aggravated robbery; one count of grand theft of a motor vehicle; and lastly, one count of felonious assault, all counts contained one- and three-year firearm specifications.
 {¶ 3} On February 23, 2006, Clark waived his right to a jury trial and a three-judge panel was selected. On the same day, in relation to the CR-467044 portion of the case, the State agreed to nolle one count of aggravated robbery, one count of felonious assault, and also the firearm specifications attached to the remaining counts in exchange for Clark's guilty plea to the remaining counts. Clark pleaded guilty to aggravated robbery and grand theft of a motor vehicle, and the three-judge panel found him guilty of the same.
 {¶ 4} In relation to the CR-466690 portion of the case, the State proffered a letter regarding the terms and conditions of a plea agreement. The State would stipulate that the mitigating factors outweigh the aggravating circumstances and *Page 4 
recommend less than the maximum sentence of death. In exchange, Clark would provide truthful testimony in a separate trial against Farmer.
 {¶ 5} Clark thereafter pleaded guilty to the second count of aggravated murder and guilty to the attached specifications, the remaining counts were nolled. The three-judge panel found Clark guilty and agreed to delay sentencing until after Clark testified in Farmer's trial.
 {¶ 6} When called to testify at Farmer's trial, however, Clark refused. On October 11, 2006, the trial court granted the State's motion to vacate Clark's plea and advance for trial. On December 6, 2006, case number CR-466690 proceeded to jury trial against Clark. On December 11, 2006, the jury returned the following verdict: guilty of both counts of aggravated murder; guilty of both counts of aggravated robbery; guilty of both counts of aggravated burglary; and lastly, guilty of all attached specifications.
 {¶ 7} On December 21, 2006, the trial court imposed the following sentence: life imprisonment for each count of aggravated murder; ten years of imprisonment for each count of aggravated robbery and one count of aggravated burglary, all to be served concurrent to each other; and lastly, three years of imprisonment for each firearm specification, to be served concurrent with each other but prior and consecutive to the aforementioned sentence.
 {¶ 8} Also on December 21, 2006, the trial court imposed a ten-year sentence in relation to CR-467044 as follows: ten years of imprisonment for aggravated *Page 5 
robbery; eighteen months of imprisonment for grand theft of a motor vehicle, to be served concurrent to each other and consecutive to the sentence imposed in CR-466690.
 {¶ 9} On February 15, 2007, the trial court corrected its December 21, 2006 journal entry and imposed ten years of imprisonment for the final count of aggravated burglary, three years of imprisonment for the firearm specification and ordered that the sentence run consecutive to that imposed in CR-467044.
 {¶ 10} The facts giving rise to case number CR-466690 occurred on May 23, 2005, at Tony's Delicatessen ("Delicatessen"), located on the corner of West 47th and Fenwick Avenue in Cleveland, Ohio. Antonio Elbkessini ("Elbkessini") owned and operated the Delicatessen and resided on the second floor of the same building. Elbkessini's cousin, Antoinette Burgess ("Antoinette"), her husband, and their son, Stephen Burgess ("Stephen"), also lived with Elbkessini. On May 23, 2005, Elbkessini worked at the Delicatessen and babysat Stephen while Antoinette went to play bingo.
 {¶ 11} On May 23, 2005, at approximately 8:15 p.m., Clark entered the Delicatessen with a small .25 caliber firearm. Elbkessini physically struggled with Clark. Clark shot Elbkessini three times from within the store and their physical struggle continued as they exited the store. Clark pushed Elbkessini to the ground. Elbkessini collapsed and died, and Clark ran away. *Page 6 
 {¶ 12} Clark appealed and asserted eleven assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE
 "The evidence in [sic] sufficient to support a finding of guilt as to aggravated murder where there is no evidence that the appellant acted purposefully."
 {¶ 13} Clark argues that there lacks sufficient evidence to sustain his convictions for aggravated murder because there lacks evidence that he acted purposefully. We disagree.
 {¶ 14} In reviewing a challenge to sufficiency of evidence, the Ohio Supreme Court set forth the following standard:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 15} Clark is charged with two counts of aggravated murder. The first count of aggravated murder in violation of R.C. 2903.01(A), reads as follows: "No person shall purposely, and with prior calculation and design, cause the death of another * * *." The second count of aggravated murder in violation of R.C. 2903.01(B), reads: "No person shall purposely cause the death of another * * * while committing or attempting to commit, or while fleeing immediately after committing or attempting to *Page 7 
commit * * * aggravated robbery, robbery, aggravated burglary, [or] burglary * * *." R.C. 2903.01(B).
 {¶ 16} "Purposely" is defined as:
 "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).
 {¶ 17} "Intent can be established by circumstantial evidence."State v. Carter, Cuyahoga App. No. 87705, 2006-Ohio-6427.
 "Those surrounding facts and circumstances include the nature of the instrument used, its tendency to end life if designed for that purpose, and the manner in which any wounds were inflicted. A jury can infer intent to kill by the defendant's use of a firearm, an inherently dangerous instrumentality, the use of which is likely to produce death." State v. Mackey, Cuyahoga App. No. 75300, 1999 Ohio App. LEXIS 5902. (Internal citations omitted.)
 {¶ 18} In applying the law to the facts of this case, it is clear that Clark purposely committed aggravated murder. Clark possessed a .25 caliber firearm when he committed aggravated murder, aggravated robbery, and aggravated burglary on May 23, 2005. A .25 caliber weapon is designed to kill. Furthermore, a .25 caliber weapon is an inherently dangerous instrumentality, the use of which is likely to produce death. Clark shot Elbkessini not once, but three times at close range.
 {¶ 19} Additionally, it was Clark's specific intention to engage in conduct of this nature. Clark bragged to Arlie Wright ("Wright") earlier on the day in question that *Page 8 
he was going to commit robbery and showed Wright his small semi-automatic gun with a white pearl handle and his clip full of bullets. (Tr. 608-609.) Wright testified that Clark said the following: "`I'm about to go hit a lick,' which means he's going to rob somebody.'" (Tr. 608-609.) Clark also bragged to his friend John Derosett ("Derosett") that he was "hittin' a lick." (Tr. 601-602.)
 {¶ 20} Stephen, Elbkessini's young cousin, witnessed Clark walk into the store with a small handgun in his right hand. Another eyewitness, William Keyes ("Keyes"), heard three gunshots coming from the direction of the Delicatessen and saw Clark and Elbkessini struggling with each other. Keyes watched Clark run away and saw him put a small metallic object into his pants.
 {¶ 21} Thus, after reviewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential element of "purposely" beyond a reasonable doubt regarding both counts of aggravated murder. Clark's first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TWO
 "The evidence in [sic] sufficient to support a finding of guilt as to aggravated murder where there is no evidence of prior calculation and design."
 {¶ 22} Clark argues that there lacks sufficient evidence to sustain his conviction for aggravated murder because there lacks evidence that he acted with prior calculation and design. We disagree. *Page 9 
 {¶ 23} R.C. 2903.01(A) sets forth the crime of aggravated murder as charged in one count of the instant case as follows: "No person shall purposely, and with prior calculation and design, cause the death of another * * *." "There is no bright-line test to determine whether prior calculation and design are present. Rather, each case must be decided on a case-by-case basis." State v. Braden, 98 Ohio St.3d 354,2003-Ohio-1325.
 "Where evidence adduced at trial reveals the presence of sufficient time and opportunity for the planning of an act of homicide to constitute prior calculation, and the circumstances surrounding the homicide show a scheme designed to implement the calculated decision to kill, a finding by the trier of fact of prior calculation and design is justified." State v. Cotton (1978), 56 Ohio St.2d 8, paragraph three of the syllabus.
Specifically, the Ohio Supreme Court set forth the following:
 "Some of the important factors to be examined and considered in deciding whether a homicide was committed with prior calculation and design include: whether the accused knew the victim prior to the crime, as opposed to a random meeting, and if the victim was known to him whether the relationship had been strained; whether thought and preparation were given by the accused to the weapon he used to kill and/or the site on which the homicide was to be committed as compared to no such thought or preparation; and whether the act was drawn out over a period of time as against an almost instantaneous eruption of events. These factors must be considered and weighed together and viewed under the totality of the circumstances of the homicide." State v. Jenkins (1976), 48 Ohio App.2d 99.
 {¶ 24} Although Clark did not know the victim personally, the evidence shows that Elbkessini was not a random target. Furthermore, thought and preparation were given by Clark to the weapon used and location where the homicide was to be *Page 10 
committed. Clark knew that Elbkessini carried large amounts of cash in his store. Clark cased the Delicatessen at approximately 3:30 p.m. on the day in question. Specifically, Clark went to the Delicatessen with Derosett and purchased a Black and Mild cigarette. Both Derosett and Wright testified that Clark bragged about his plan to commit robbery. Clark chose a .25 caliber handgun as his weapon. Therefore, Clark thought out and planned his weapon of choice, the location, and his intended victim.
 {¶ 25} Thus, after reviewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential element of "prior calculation and design" beyond a reasonable doubt regarding the first count of aggravated murder. Clark's second assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER THREE
 "The appellant's conviction for [aggravated] robbery is not supported by sufficient evidence."
 {¶ 26} Clark argues that there lacks sufficient evidence to sustain his convictions for aggravated robbery. We disagree.
 {¶ 27} Clark is charged with two counts of aggravated robbery. The first count for aggravated robbery charges violation of the following statute:
 "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it * * *." R.C. 2911.01(A)(1). *Page 11 
 {¶ 28} The second count for aggravated robbery charges violation of the following:
 "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (3) Inflict, or attempt to inflict, serious physical harm on another." R.C. 2911.01(A)(3).
 {¶ 29} R.C. 2913.02(A) is included in the definition of theft as set forth in R.C. 2913.01 and reads as follows:
 "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent; * * * (4) By threat; (5) By intimidation."
 {¶ 30} Here, Clark attempted to commit a theft offense by entering Tony's Delicatessen to deprive the owner, Elbkessini, of his cash, without Elbkessini's consent. Furthermore, Clark used a .25 caliber firearm against Elbkessini and in doing so caused serious physical harm by inflicting three gunshot wounds that not only carried a substantial risk of death, but actually caused Elbkessini's death. See R.C.2901.01(A)(5).
 {¶ 31} Therefore, in reviewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of both counts of aggravated robbery beyond a reasonable doubt. Clark's third assignment of error is overruled. *Page 12 
ASSIGNMENT OF ERROR NUMBER FOUR
 "The finding of guilt as to the aggravated murder and aggravated robbery are against the manifest weight of the evidence."
 {¶ 32} Clark argues that his convictions for aggravated murder and aggravated robbery are against the manifest weight of the evidence. We disagree.
 {¶ 33} The Ohio Supreme Court set forth the following standard for evaluating a claim that the verdict is against the manifest weight of the evidence:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 34} We incorporate our application of the law to the facts of this case as set forth in assignments of error one, two and three. Only one element of murder has yet to be addressed, namely, "caused the death of another." R.C. 2903.01(A); R.C. 2903.01(B).
 {¶ 35} Clark "caused the death of another" when he shot Elbkessini at point blank range three times. The Cuyahoga County Coroner's office determined Elbkessini's cause of death to be homicide from gunshot wounds. DNA testing revealed the following: The presence of Elbkessini's blood in five different locations on a dark green shirt identified to have been worn by Clark during the commission of his crimes; the presence of Elbkessini's blood on pants identified to have been worn *Page 13 
by Clark during the commission of his crimes; and Elbkessini's DNA was found on the outside driver's side door handle, the outside front passenger door handle, and on the left side of the steering wheel of the Nissan Altima owned and operated by Clark on May 24, 2005.
 {¶ 36} Thus, pursuant to the aforementioned statutes and case law, and in applying the facts on the record, we find that Clark's convictions for aggravated murder and aggravated robbery are not against the manifest weight of the evidence.
 {¶ 37} Clark's fourth assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER FIVE
 "The trial court erred in failing to provide the jury with an instruction on the lesser included offense of involuntary manslaughter."
 {¶ 38} Clark argues that the trial court erred when it failed to include a jury instruction on the lesser included offense of involuntary manslaughter. We disagree.
 {¶ 39} Involuntary manslaughter, as set forth in R.C. 2903.04, is a lesser included offense of aggravated murder, R.C. 2903.01(A). State v.Thomas (1988), 40 Ohio St.3d 213.
 "[A] charge on the lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. Resultingly, an instruction on the lesser included offense of involuntary manslaughter will be given in a murder trial only when on the evidence presented, the jury could reasonably find against the state on the element of purposefulness and still find for the state on the defendant's act of killing another." Id. at 216. *Page 14 
 {¶ 40} Thus, where a lesser included offense is established, a jury instruction on the lesser included offense is warranted only when the evidence adduced at trial supports it. Id. "Thus, it is within the discretion afforded a trial court to refuse to instruct the jury on a lesser included offense. Absent a showing of abuse of discretion, the court's jury instruction stands." State v. Mitchell (1988), Cuyahoga App. No. 53585, 53 Ohio App.3d 117. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 41} Since the charge for involuntary manslaughter is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense, it must be noted that the requisite mental state for aggravated murder and murder is to "purposely" cause the death of another. See R.C.2903.01; R.C. 2903.02. "A person acts purposely when it is his specific intention to cause a certain result * * *." R.C. 2901.22(A).
 {¶ 42} Here, the evidence presented at trial does not reasonably support an acquittal on the charges for aggravated murder because the evidence established that Clark acted purposely when he shot and killed Elbkessini. It is not reasonable to conclude that Clark did not purposely shoot Elbkessini in light of our review of Clark's first assignment of error. Thus, the trial court did not abuse its discretion *Page 15 
when it failed to include a jury instruction on the lesser included offense of involuntary manslaughter.
 {¶ 43} Clark's fifth assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER SIX
 "The trial court erred in admitting, over objection, victim impact evidence and non-statutory aggravating factors."
 {¶ 44} Clark argues that the trial court erred when it admitted certain victim impact evidence and non-statutory aggravating factors. We disagree.
 "The Eighth Amendment erects no per se bar prohibiting a capital sentencing jury from considering `victim impact' evidence relating to the victim's personal characteristics and the emotional impact of the murder on the victim's family, or precluding a prosecutor from arguing such evidence at a capital sentencing hearing." Payne v. Tennessee (1991), 501 U.S. 808. (Emphasis in original.)
 {¶ 45} Thus, the use of victim impact statements during the penalty phase is not a constitutional violation. State v. McNeill,83 Ohio St.3d 438, 1998-Ohio-293. "[W]e find that evidence which depicts both the circumstances surrounding the commission of the murder and also the impact of the murder on the victim's family may be admissible duringboth the guilt and sentencing phases." State v. Fautenberry,72 Ohio St.3d 435, 1995-Ohio-209. (Emphasis in original.)
 {¶ 46} Clark cites to testimony elicited from Elbkessini's cousin, Antoinette during the penalty phase and argues that the sole purpose of introducing Antoinette's testimony was to develop additional sympathy for the deceased and his *Page 16 
family. A review of Antoinette's testimony reveals that it was very short, she gave a brief summary regarding Elbkessini's life in Lebanon, his experience with war in Lebanon and the resulting loss of a sibling before coming to the United States. Antoinette also testified that her family had since lost the Delicatessen. Antoinette did not ask for the death penalty for Clark.
 {¶ 47} Thus, we find that the instant case does not lie in contravention of Payne and Fautenberry. Clark's sixth assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER SEVEN
 "A sentence of life without parole violates the Eighth Amendment to [sic] United States Constitution where like crimes are not being punished with a like sentence."
 {¶ 48} Clark argues that his sentence is unconstitutional because like crimes were not punished with like sentences. We disagree.
 {¶ 49} Appellate courts review sentences de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836.
 "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904. (Internal citations omitted.)
 {¶ 50} Clark argues that his sentence violates the Eighth Amendment of the United States Constitution because it is inconsistent with sentences imposed against similar defendants in similar cases and cites to individual cases in support. *Page 17 
However, "[s]imply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency." State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341.
 "It is axiomatic that every case and each defendant is unique. For this reason, it is impossible to make any meaningful comparison of consistency from select appellate case law. That type of non-exhaustive comparison is not statistically reliable or fairly representative of the broad spectrum of defendants who have not been sentenced throughout Ohio for similar offenses, which would include those who have not appealed their sentences. Instead, consistency is achieved by weighing the sentencing factors. As such, the concept of consistency allows for divergent sentences for the same statutory offense due to the particular factual situations and offender characteristics." State v. Murrin, Cuyahoga App. No. 83482, 2004-Ohio-6301.
 {¶ 51} Clark's seventh assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER EIGHT
 "The sentence of life imprisonment without the possibility of parole is not appropriate given the mitigating factors presented in the instant matter."
 {¶ 52} Clark argues that life imprisonment without parole is inappropriate given the mitigating factors in the instant case. We disagree.
 {¶ 53} Clark asks this court, pursuant to R.C. 2929.05, to independently weigh all the facts and evidence disclosed in the record and consider the offense and the offender to determine whether the aggravating circumstances outweigh the mitigating factors. However, R.C.2929.05 pertains to death sentences only, and not life imprisonment. Thus, R.C. 2929.05 is inapplicable to the case at bar. *Page 18 
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).
Clark fails to cite to authority or statute aside from R.C. 2929.05 in support of his contention.
 "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. As we have previously held, we will not guess at undeveloped claims on appeal. Further, this court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based." State v. Franklin, 9th Dist. No. 22771, 2006-Ohio-4569. (Internal citations omitted.)
 {¶ 54} Clark's eighth assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER NINE
 "The trial court erred in not allowing defense counsel to argue mercy as a mitigating factor."
 {¶ 55} Clark argues that the trial court erred in not allowing the defense to argue mercy as a mitigating factor. Clark also argues that the trial court erred in failing to include a jury instruction on the same.
 {¶ 56} "When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances *Page 19 
of the case." State v. Livingston, Cuyahoga App. No. 88714,2007-Ohio-3664. See, also, State v. Wolons (1989), 44 Ohio St.3d 64.
 {¶ 57} The Supreme Court of Ohio found that: "Mercy is not a mitigating factor." State v. O'Neal, 87 Ohio St.3d 402, 2000-Ohio-449. "Mercy, like bias, prejudice, and sympathy, is irrelevant to the duty of the jurors. Appellant's counsel therefore was not allowed to plead for mercy * * *." State v. Lorraine (1993), 66 Ohio St.3d 414.
 {¶ 58} Thus, it cannot be said that the trial court erred by not allowing the defense to argue mercy as a mitigating factor or by failing to include a jury instruction on the same. Therefore, Clark's ninth assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TEN
 "The trial court's instructions during the penalty phase violated Mr. Clark's right to due process of law."
 {¶ 59} Clark argues that the trial court's instructions during the penalty phase violated Clark's right to due process. Specifically, Clark argues that the trial court erroneously instructed the jury that their verdict was merely a recommendation to the trial court. However, Clark fails to cite to any portion of the trial transcript in support thereof as required pursuant to App.R. 16(A)(6) and App.R.16(D).
 {¶ 60} Furthermore, the jury instructions, after a thorough review, do not make mention of the jury verdict as a "recommendation," or any subsequent objection by the defense. Regardless, however, "[T]he trial court does not err by referring to the *Page 20 
jury's verdict as a recommendation or by recognizing that the trial court would make the final decision on the death penalty." State v.Mitts, 81 Ohio St.3d 223, 1998-Ohio-635.
 {¶ 61} Therefore, Clark's tenth assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER ELEVEN
 "The cumulative effect of the errors committed in the mitigation phase denied Mr. Clark his right to due process of law under the Ohio and Federal Constitutions."
 {¶ 62} Clark argues that the cumulative effect of the error in the mitigation phase of this case denied him his right to due process of law under the Ohio and federal constitutions. We disagree.
 "It is true that separately harmless errors may violate a defendant's right to a fair trial when the errors are considered together. In order to find "cumulative error" present, we first must find that multiple errors were committed at trial. We then must find a reasonable probability that the outcome of the trial would have been different but for the combination of the separately harmless errors." State v. Djuric, Cuyahoga App. No. 87745, 2007-Ohio-413. (Internal citations omitted.)
 {¶ 63} As we found no error in this case, we find that the doctrine of cumulative errors is inapplicable.
 {¶ 64} Clark's eleventh assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 21 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and MELODY J. STEWART, J., CONCUR *Page 1