[Cite as *In re D.W.*, 2014-Ohio-5038.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101116

**IN RE:   D.W.**
**A Minor Child**

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 13116168

**BEFORE:**   Stewart, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   November 13, 2014

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY:   Sheryl Trzaska
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, OH   43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   John E. Jackson
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} A judge in the Juvenile Division of the Court of Common Pleas adjudicated appellant D.W. delinquent for firing two gunshots and injuring the occupant of a car — acts that, if committed by an adult, would constitute two counts of felonious assault with gun specifications. In this appeal, D.W. complains that there was insufficient evidence for the adjudication and that it was against the manifest weight of the evidence. We find no error and affirm.

I

{¶2} The state's case against D.W. was based entirely on a statement the victim said D.W. made to him a day after the shooting: he apologized to the victim for shooting him, saying "I didn't mean to do that to you. I wasn't trying to shoot at you. I wasn't shooting at you, and I didn't see your car right there." D.W. argues that this statement was insufficient to prove that he committed acts that would constitute the crime of felonious assault.

{¶3} The Due Process Clause of the Fourteenth Amendment "protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The relevant question "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*.

{¶4} The victim testified that he had been sitting in a parked car when he heard a total of four gunshots. Realizing that he was bleeding, he left the car and fled through a field. It turns

out that one of the shots grazed the side of his head and hit the dashboard of his car. He later received nine staples to close the gunshot wound.

{¶5} A day or two after the shooting, the victim said that D.W. approached him. The victim had known D.W. for "years." He testified that D.W. "apologized and he said that he didn't mean to do it, and that he didn't see my car right there, and he wasn't shooting at me." The victim told the police about this statement and later selected a photograph of D.W. from a photo array. Police photographs of the victim's car verified two bullet holes in the rear window and two bullet holes in the dashboard, near the speedometer. Two bullet casings were recovered at the scene of the shooting.

{¶6} This evidence, viewed most favorably to the state, was enough to establish that D.W. committed acts that would constitute the crime of felonious assault under R.C. 2903.11(A)(1) and (A)(2): knowingly causing or attempting to cause serious physical harm to the victim. R.C. 2901.01(A)(5)(b) defines "serious physical harm" as, among other things, "[a]ny physical harm that carries a substantial risk of death." A gunshot wound to the head easily qualifies as serious physical harm. *See In re: L.W.*, 8th Dist. Cuyahoga No. 99527, 2013-Ohio-5735, ¶ 46; *State v. Clark*, 8th Dist. Cuyahoga No. 89371, 2008-Ohio-1404, ¶ 30.

{¶7} D.W.'s statement to the victim established his identity as the shooter. It established that D.W. acted "knowingly" by conceding to the victim that he shot the gun. So the evidence was enough to prove the act, the intent behind the act, and the required level of injury. It follows that there was sufficient evidence on each essential element of the offense alleged in the complaint to sustain the adjudication.

II

{¶8} D.W.'s primary argument regarding the weight of the evidence is that his alleged confession to the victim is unbelievable because it "defies logic" that he would approach the victim and admit to shooting him. D.W. denied making any statement to the victim and maintained that the victim's testimony lacked credibility in many regards.

{¶9} The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986).

{¶10} D.W. concedes, as he must, that his confession to the victim was admissible as an admission by a party-opponent under Evid.R. 801(D)(2)(a). He nonetheless argues that the statement itself is not trustworthy and the court should not have given it any weight because it would make no sense for him to admit to the victim that he fired the shots.

{¶11} D.W. is correct that nonhearsay admissions of a party-opponent are not, like hearsay statements, inherently truthful. In fact, trustworthiness is not a separate requirement for admission under Evid.R. 801(d)(2)(A) — the Staff Notes to the rule make it clear that "[p]roblems of trustworthiness are not critical in this class of admission since the opposing party controls the decision to introduce the statement and party-declarant will be in court to refute any unfavorable impact of the statement." The admission was thus evidence that the court could weigh in its role as trier of fact.

{¶12} Given the lack of other, corroborating evidence, the court obviously placed great weight on the admission. D.W.'s argument that it made no sense for him to admit his actions to

the victim is self-serving. What is more, it ignores the victim's testimony that he and D.W. were friends. Their prior relationship likely explained why D.W., upon learning that he had accidently wounded a friend, would apologize for his acts and make it clear to the victim that he was shooting at someone else.

{¶13} There was evidence of another person on the scene at the time of the shooting: the victim testified that when he exited his car after discovering that he had been struck by a bullet, he saw a male whom he could not identify in the street holding a gun. D.W. maintains that this person was the shooter. As the state notes, the victim's inability to identify that person (dressed in black hoodie and black sweatpants) does not necessarily mean that this person was not D.W. But even if the victim saw a third person at the scene with a gun, it is plausible that the unidentified person was D.W.'s target. That view of the evidence would be consistent with D.W.'s admission that he did not intend to shoot at the victim.

{¶14} D.W.'s other attack on the weight of the evidence concerns the victim's testimony that at the time D.W. apologized for shooting the victim, the victim's sister was present and witnessed what D.W. said. The victim did not mention his sister's ability to corroborate what D.W. said until trial, so D.W. maintains this omission undermines the victim's credibility.

{¶15} The victim explained his failure to previously mention his sister as a corroborating witness on the fact that no one asked him if anyone else was with him at the time. It was for the court to weigh this omission with the rest of the evidence. In the end, it appears the court gave weight to the apology rather than the omission or D.W.'s denial in his police interview. The victim and D.W. were friends. The victim had no apparent motive to fabricate D.W.'s apology and D.W. had every motive to deny it (the detective who investigated the case explained D.W.'s

denial by saying, "[w]ho would want to admit to shooting somebody?") We cannot say that the court lost its way by finding D.W. delinquent for committing the acts as alleged.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court — Juvenile Division to carry this judgment into execution. The finding of delinquency having been affirmed, any bail of stay of execution pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR