[Cite as *State v. Blalock*, 2022-Ohio-2042.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 110895

v.                                      :

RONDELL BLALOCK,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 16, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652973-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory M. Paul, Assistant Prosecuting Attorney, *for appellee*.

Buckeye Law Office, and P. Andrew Baker, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Rondell Blalock ("Blalock") appeals his convictions arising from the shooting death of Kevin Boyd III ("Boyd").[1] For the

---

[1] Because this appeal arises from a procedural error, the substantive facts of Blalock's convictions have been omitted.

reasons that follow, we vacate the convictions and remand for a new trial.

{¶ 2} In September 2020, the Cuyahoga County Court of Common Pleas, Juvenile Division, found that Blalock was 17 years old at the time of the offense and, pursuant to R.C. 2152.12, transferred the case to the Cuyahoga County Court of Common Pleas, General Division, where Blalock was charged in a four-count indictment. Counts 1 and 2 charged him with murder. Count 3 charged him with voluntary manslaughter. Count 4 charged him with felonious assault. Each of these counts carried both one- and three-year firearm specifications.

{¶ 3} On August 9, 2021, Blalock waived his right to a jury and the matter proceeded to a bench trial. On August 10, 2021, the trial court found Blalock guilty of all counts and their associated specifications.

{¶ 4} On August 24, 2021, Blalock filed a motion to modify the verdict pursuant to Crim.R. 33(A)(4), arguing that evidence of "provocation" was produced at trial that would reduce Blalock's convictions to voluntary manslaughter on Count 1, involuntary manslaughter on Count 2, and aggravated assault on Count 4. Three days later, the trial court denied the motion.

{¶ 5} On September 8, 2021, the trial court sentenced Blalock to a prison term of three years on the firearm specification in Count 1 (murder in violation of R.C.2903.02(A)), to be served consecutively and prior to a term of 15 years to life on the underlying charge of murder in Count 1. The remaining counts merged into Count 1.

{¶ 6} Blalock now appeals, raising two assignments of error:

Assignment of Error I: The trial court erred when it improperly convicted defendant-appellant of murder and voluntary manslaughter for the same homicide.

Assignment of Error II: The trial court erred when it returned guilty verdicts that were against the manifest weight of the evidence.

{¶ 7} Within his first assigned error, Blalock contends that he cannot be found guilty of both murder and voluntary manslaughter for the same killing. Blalock maintains that voluntary manslaughter is an inferior offense, not a lesser-included offense of murder, and if the trier of fact found sufficient provocation to find him guilty of voluntary manslaughter, then he cannot also be found guilty of murder. Blalock argues that he is entitled to a new trial because the guilty verdict for voluntary manslaughter undermines his convictions. The state contends that Blalock appears to be arguing that the trial court reached inconsistent verdicts, which does not constitute reversible error.

{¶ 8} We note at the outset that there was no objection to the trial court's verdicts. When a party fails to object to a defect in the trial proceedings, that party waives all but plain error on appeal. *State v. Owens*, 162 Ohio St.3d 596, 2020-Ohio-4616, 166 N.E.3d 1142, ¶ 7, citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error does not occur "unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978), paragraph two of the syllabus. "To prevail under the plain error standard, the substantial rights of the accused must be so

adversely affected that the error undermines the fairness of the guilt determining process." *State v. Wright*, 8th Dist. Cuyahoga No. 93068, 2011-Ohio-3575, ¶ 25. Here, we find that the trial court's inconsistent verdicts are plain error because they clearly affected the trial's outcome.

{¶ 9} The Ohio Supreme Court has distinguished inferior-degree offenses from lesser-included offenses. "An offense is an 'inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements." *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph two of the syllabus. An offense may be a "lesser included" offense "if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *Id*. at paragraph three of the syllabus, citing *State v. Kidder*, 32 Ohio St.3d 279, 513 N.E.2d 311 (1987).

{¶ 10} R.C. 2903.02(A), Ohio's murder statute, provides that "[n]o person shall purposely cause the death of another[.]" R.C. 2903.03(A), Ohio's voluntary manslaughter statute, provides that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another." Under the voluntary manslaughter statute, the trier of fact

must find a defendant guilty of voluntary manslaughter *rather than murder* if the prosecution has proven, beyond a reasonable doubt, that the defendant knowingly caused the victim's death, and if the defendant has established by a preponderance of the evidence the existence of one or both of the mitigating circumstances.

(Emphasis added.) *State v. Rhodes*, 63 Ohio St.3d 613, 617, 590 N.E.2d 261 (1992). The Ohio Supreme Court has defined voluntary manslaughter as "an inferior degree of murder" because the elements of voluntary manslaughter are contained in the offense of murder, except for the addition of mitigating elements. *Id.*, citing *State v. Tyler*, 50 Ohio St.3d 24, 36, 553 N.E.2d 576 (1990); *State v. Shane*, 63 Ohio St.3d 630, 632, 590 N.E.2d 272 (1992).

{¶ 11} Consistent with the Ohio Supreme Court's definition of voluntary manslaughter, "'a person cannot be convicted of both murder and voluntary manslaughter for the same killing.'" *State v. Griffin*, 175 Ohio App.3d 325, 2008-Ohio-702, 886 N.E.2d 921, ¶ 12 (1st Dist.), quoting *State v. Duncan*, 154 Ohio App.3d 254, 2003-Ohio-4695, 796 N.E.2d 1006, ¶ 24 (1st Dist.). In *Duncan*, the defendant was charged with and found guilty of murder, felony murder, and voluntary manslaughter. The state conceded that the trial court had erred in simultaneously finding the defendant guilty of murder and voluntary manslaughter. *Id.* at ¶ 1. The First District held that these inconsistent verdicts constituted reversible error and remanded the matter for a new trial. *Id.* at ¶ 2, 78. The court reasoned that if the jury "found that the mitigating circumstance of provocation existed [to warrant a guilty verdict on the inferior offense of voluntary

manslaughter], the jury should not have found [the defendant] guilty of murder." *Id.* at ¶ 1-2, 30.

{¶ 12} The *Duncan* court attributed the error to faulty jury instructions, which stated that each charge in the indictment constituted a "separate and distinct matter" on which the defendant may be found guilty or not guilty. *Id.* at ¶ 28. The court noted that a proper instruction would have informed the jury that the defendant "could be convicted *either* of murder or voluntary manslaughter," and cited the Ohio Jury Instructions, which recommend that "a jury be told that if it finds a defendant has committed murder, but also finds that the defendant acted while under the influence of sudden passion or in a sudden fit of rage provoked by the victim, 'then you must find the defendant not guilty of murder and guilty of voluntary manslaughter.'" *Id.* at ¶ 29, quoting 4 *Ohio Jury Instructions*, CR Section 503.02 (2002).

{¶ 13} As explained in *Duncan*, guilty verdicts for murder and voluntary manslaughter are incompatible when they concern the same killing. This court has followed *Duncan* in recognizing that "when the trier of fact considers the inferior offense of voluntary manslaughter, the law requires the trier of fact to determine whether the defendant was guilty of either murder or voluntary manslaughter." *State v. Amey*, 2018-Ohio-4207, 120 N.E.3d 503, ¶ 12 (8th Dist.), citing *Griffin* at ¶ 12. "[I]f the trier of fact determines that the defendant is guilty of voluntary manslaughter, it must enter a verdict of not guilty on any murder charges." *Id.*

{¶ 14} Here, the trial court's finding Blalock guilty of voluntary manslaughter is clearly incompatible with its finding him guilty of murder. Once the trial court determined, pursuant to R.C. 2903.03(A), that provocation and the attendant mitigating circumstances were present to find Blalock guilty of voluntary manslaughter, a murder verdict was no longer available.

{¶ 15} The state argues that *Duncan*, 154 Ohio App.3d 254, 2003-Ohio-4695, 796 N.E.2d 1006, is distinguishable because it involved jury instructions, not a bench trial. However, this court has consistently rejected the argument that inconsistent verdicts from a bench trial should be distinguished from those resulting from a jury trial. *State v. Frierson*, 2018-Ohio-391, 105 N.E.3d 583 (8th Dist.), ¶ 47; *State v. Burke*, 8th Dist. Cuyahoga No. 54047, 1988 Ohio App. LEXIS 2442, 5 (June 16, 1988).

{¶ 16} The state also argues that "'inconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict * * *.'" *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 138, quoting *State v. Hicks*, 43 Ohio St.3d 72, 78, 538 N.E.2d 1030 (1989). The state relies in part on our holding in *Frierson*, that

> "[a]n appellate court is not permitted to speculate about the reason for the inconsistency when it determines the validity of a verdict." *State v. Wingfield*, 2014-Ohio-2053, 11 N.E.3d 732, ¶ 31 (8th Dist.). Further, "[c]onsistency between verdicts on several counts of a criminal indictment is unnecessary[.]" *State v. Eason*, 8th Dist. Cuyahoga No. 103575, 2016-Ohio-5516, ¶ 68, 69 N.E.3d 1202. "[A]n inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *State v. Lovejoy*, 79 Ohio St. 3d 440, 1997-Ohio-371, 683

N.E.2d 1112 (1997), citing [*Hicks*]. "This is so because the several counts of an indictment are independent, and a verdict responding to a designated count will be construed in the light of the count designated, and no other." *State v. Brown*, 8th Dist. Cuyahoga No. 89754, 2008-Ohio-1722, ¶ 29. "Inconsistent verdicts often reflect a factfinder's attempt to avoid redundancy or to grant leniency" and "may work against the government as well as the defendant[.]" *Id.*, citing *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *Lovejoy* at 444. "A defendant who benefits from a compassionate acquittal on one charge cannot fairly complain that it is inconsistent with his proper conviction on another." *Wingfield* at ¶ 31, citing *Powell*. Accordingly, a defendant's conviction will stand "irrespective of its rational incompatibility with the acquittal." *Eason* at ¶ 68, citing *State v. Woodson*, 24 Ohio App.3d 143, 493 N.E.2d 1018 (10th Dist.1985).

*Id.* at ¶ 45. The cases on which the state relies, however, differ according to the nature of the inconsistency. Generally, such inconsistencies are traceable to the defendant's conviction on some counts and acquittal on other counts. *See, e.g., Brown* at ¶ 27 ("where the defendant is convicted on one or some counts and acquitted on others, the conviction will generally be upheld, irrespective of its rational incompatibility with the acquittal"). Such inconsistencies are also generally motivated by a desire to avoid redundancy or grant leniency. *See Burke* at 5, citing *Powell* at 64-66.

{¶ 17} Here, however, Blalock was not acquitted of any counts. Rather, he was found guilty of incompatible counts for the same conduct, rendering the charges and verdicts redundant. In addition, a finding of provocation necessary to reduce Blalock's conviction from murder to voluntary manslaughter makes Blalock's murder conviction more severe. As an inferior-degree offense of murder, voluntary manslaughter and murder are interdependent. Given this interdependence, the

general rule that inconsistent verdicts on different counts of a multi-count indictment is no basis for reversal does not apply to the facts of this case.

{¶ 18} The state also argues that if the voluntary manslaughter count merged with the murder count before sentencing, Blalock was only convicted of murder, not voluntary manslaughter. To support this argument, the state relies on *Gapen* that "[a] 'conviction' consists of a guilty verdict and the imposition of a sentence or penalty." *Id.* at ¶ 135. The state maintains that after guilty verdicts on different counts merge into a single conviction, the defendant cannot challenge a merged verdict because the verdict does not constitute a conviction. *See State v. Banks*, 8th Dist. Cuyahoga No. 108166, 2020-Ohio-3029, ¶ 23, quoting *State v.* Worley, 8th Dist. Cuyahoga No. 103105, 2016-Ohio-2722, ¶ 23 (A defendant cannot challenge a conviction that was merged because "'[t]he counts that merged with the [count of] conviction are not convictions, and therefore, we cannot individually review the evidence supporting those findings of guilt.'")

{¶ 19} The state's reliance on these cases is misplaced. First, the state's argument is based on the proposition that a guilty verdict for voluntary manslaughter disappears when it merges with the murder conviction. *See State v. Ramos*, 8th Dist. Cuyahoga No. 103596, 2016-Ohio-7685, ¶ 16-17 (noting that merger begs the question of what happens to an offense after it merges with the conviction). Second, the state's argument assumes that any error in the court's finding of voluntary manslaughter must be harmless after it merges with the murder conviction because it does not change the sentence. *See id.* at ¶ 15 (any error

regarding the sufficiency or weight of the evidence on merged counts constitutes harmless error because the final sentence remains unaffected by appellate review of the merged count). In this case, however, Blalock's murder conviction does not erase the court's finding that Blalock committed voluntary manslaughter, and Blalock's murder conviction is not harmless error if a voluntary manslaughter conviction would have reduced Blalock's sentence.

{¶ 20} Murder and voluntary manslaughter are not just inconsistent verdicts; each verdict necessarily precludes the other. *See Rhodes*, 63 Ohio St.3d at 617, 590 N.E.2d 261; *Duncan*, 154 Ohio App.3d 254, 2003-Ohio-4695, 796 N.E.2d 1006, at ¶ 24; *Amey*, 2018-Ohio-4207, 120 N.E.3d 503, at ¶ 12. The trial court's determination that Blalock was guilty of voluntary manslaughter means that the trial court found mitigating circumstances to justify reducing Blalock's conviction from murder to voluntary manslaughter. The trial court cannot find mitigating circumstances yet deprive Blalock of the benefit of mitigation by convicting him of murder, especially when murder carries a greater penalty.

{¶ 21} Blalock's first assignment of error is sustained.

{¶ 22} In his second assignment of error, Blalock argues that his convictions are against the weight of the evidence. The trial court, however, merged the guilty verdicts on the remaining counts of the indictment with the murder conviction in Count 1. *See Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, at ¶ 135, citing *State v. Palmer*, 80 Ohio St.3d 543, 572, 687 N.E.2d 685 (1997) ("The general rule is that a defendant may be charged with multiple counts based on the

same conduct but may be convicted of only one, and the trial court effects the merger at sentencing."). Since the guilty verdicts on the remaining counts were merged with Count 1 and we sustained Blalock's first assignment of error, Blalock's second assignment of error is moot. App.R. 12(A)(1)(c).

**{¶ 23}** Judgment vacated and remanded for a new trial.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN T. GALLAGHER, J., CONCUR